IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Judith Rossi Pizarro Merjildo, | No. CV-26-03286-PHX-SMB (CDB) |
| Petitioner, | **ORDER** |
| v. | |
| Unknown Party, et al., | |
| Respondents. | |

Petitioner filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 and Motion for Temporary Restraining Order.  Petitioner seeks to enjoin her removal to Peru on the basis that she has a pending victim-based immigration petition for a U-visa and a pending Motion to Reopen her immigration proceedings.  The Court will deny the Motion and dismiss the Petition.

**I.     Background**

Petitioner is a citizen of Peru and is presently detained by Immigrations and Customs Enforcement pending removal. (Doc. 1 ¶ 6.)  Petitioner was detained by ICE during a routine immigration check-in where she remains in custody.  (*Id.* ¶ 14.) Petitioner was ordered removed on December 22, 2025. (*Id.* ¶ 6.)  On March 23, 2026, Petitioner filed a Motion to Reopen her immigration proceedings on the grounds that she has a Violence Against Women Act petition pending based on extensive domestic violence and abuse and ineffective assistance of counsel during her immigration proceedings.  (*Id.* ¶ 9.)  Petitioner argues her removal while her motion to reopen is

pending constitutes a violation of this violates her due process rights.  Petitioner further seeks to enjoin her removal pending adjudication of her motion to reopen.  (Doc. 2.)

## II.   Summary Dismissal

Review in federal district court is not available for claims "arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders," 8 U.S.C. § 1252(g), "arising from any action taken or proceeding brought to remove an alien," 8 U.S.C. § 1252(b)(9),[1] or "challeng[ing] a 'discretionary judgment' by the Attorney General or a 'decision' that the Attorney General has made regarding [an alien's] detention or release," *Demore v. Kim*, 538 U.S. 510, 516 (2003) (discussing 8 U.S.C. § 1226(e)); *see also* 8 U.S.C. § 1252(a)(2)(B)(ii) (precluding review of other discretionary decisions and actions specified by statute).

Here, Petitioner fails to state a claim for relief.  In seeking to enjoin her removal on due process grounds, Petitioner is squarely attacking her removal proceedings, and, under the REAL ID Act, the Court lacks jurisdiction over such a challenge because the request to halt the execution of the final orders of removal "arise[s] from" an "action" or a "proceeding" brought in connection with petitioner's removal (8 U.S.C. § 1252(b)(9)), or from "the decision or action" to "execute removal orders against" her (8 U.S.C. § 1252(g)).  *See, e.g., Rauda v. Jennings*, 55 F. 4th 773, 776-78 (9th Cir. 2022) (holding that § 1252(g) divested the district court of jurisdiction over a "habeas petition . . . asking the court to enjoin the government from removing [the petitioner] until the BIA ruled on his motion to reopen and the court ruled on his habeas petition"); *Ramirez Ayala v. Santacruz*, 2025 WL 3485738, *2-3 (C.D. Cal. 2025) ("Petitioner seeks to enjoin the execution of his removal order pending the adjudication of the merits of his motion to reopen his removal proceedings.  Rauda rejected this very same argument. . . .  As in *Rauda*, Petitioner's challenge here is foreclosed by § 1252(g)'s plain language.  In sum, § 1252(g) applies to Petitioner's request to enjoin the execution of his final removal order

---

[1] *See also* 8 U.S.C. § 1252(a)(5) (the court of appeals "shall be the sole and exclusive means for judicial review of an order of removal").

- 2 -

pending adjudication of the merits his case. Regardless of how Petitioner frames his challenge, he is ultimately contesting an unreviewable discretionary decision that has no temporal restrictions.") (citations omitted); *Nken v. Chertoff*, 559 F.Supp.2d 32, 36 (D.D.C. 2008) (REAL ID Act strips court of jurisdiction to consider request for stay of BIA's final order of removal); *see also Flores v. Johnson*, 2015 WL 12656240 (C.D. Cal. Sept. 30, 2015) (finding district court lacked jurisdiction to stay petitioner's removal pending the decision of the BIA's decision on his motion to reopen); *Ma v. Holder,* 860 F.Supp.2d 1048, 1062 (N.D. Cal. 2012) (finding that the district court lacked jurisdiction under Section 1252(g) to stay a removal pending the BIA's decision on a motion to reopen); *Lopez v. Dep't of Homeland Sec.*, 2010 WL 4279314, at *1 (C.D. Cal. Oct. 21, 2010) (finding that the district court did not have jurisdiction over a habeas claim challenging the immigration judge's denial of a motion to stay); *Mejia–Espinoza v. Mukasey*, 2009 WL 235625, at *3 (C.D. Cal. Jan. 27, 2009) (finding that the district court lacked jurisdiction over a request to stay removal during the pendency of a motion to reopen before the BIA). Petitioner's allegations are the same as those presented in Rauda, where the Ninth Circuit determined that the district court lacks jurisdiction over a habeas petition. As a result, Petitioner fails to state a cognizable claim for relief, the Petition must be dismissed, and the motion for TRO will be denied.

**IT IS ORDERED:**

(1)  Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) and this action are **dismissed without prejudice**.

(2)  Petitioner's Motion for Temporary Restraining Order (Doc. 2) is **denied**.

(3)  The Clerk of Court shall enter judgement accordingly and terminate this case.

Dated this 12th day of May, 2026.

Honorable Susan M. Brnovich
United States District Judge

- 3 -